UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:19-CR-211 RLW |
| | ) |
| JERRY O. STREETER, JR., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on pretrial matters. Defendant Jerry O. Streeter, Jr. is one of seventeen defendants charged in a twenty-three count superseding indictment. Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters to United States Magistrate Judge Nannette A. Baker. On October 18, 2022, Judge Baker filed a Report and Recommendation of United States Magistrate Judge [ECF No. 817] which recommended that Defendant Streeter's Motion to Suppress Evidence and Statements [ECF No. 583] be denied. On December 1, 2022, Judge Baker filed a Report and Recommendation of United States Magistrate Judge [ECF No. 828] which recommended that Defendant Streeter's Motion for Disclosure of Brady/Giglio Information and for Early Production of Jencks Material [ECF No. 584] be denied.

A. Motion to Suppress Evidence and Statements

Defendant Streeter filed objections to the Magistrate Judge's Report and Recommendation on November 1, 2021. Defendant objects only to the Magistrate Judge's recommendation that his motion to suppress evidence be denied, and challenges the legality of the search of his residence under the "protective sweep" exception to the warrant requirement. In support, Defendant cites United States v. Pruneda, 518 F.3d 597 (8th Cir. 2008), and United

States v. Waldner, 425 F.3d 514 (8th Cir. 2005), both of which apply the United States Supreme Court's holding in Maryland v. Buie, 494 U.S. 325, 334 (1990) ("A protective sweep is limited to a cursory inspection of places where a person may be found and may not last longer than is necessary to dispel the reasonable suspicion of danger."). Defendant objects that Detective Kevin Walsh, who testified at the evidentiary hearing on Defendant's Motion to Suppress, "did not testify as to any specific evidence or investigative leads that would have given him grounds to believe that others were present in the home, thereby justifying the 'protective sweep' search" (ECF No. 826 at 3) that led to the discovery of marijuana, firearms, and ammunition.

The Court has carefully and independently reviewed the full record, and has read the transcript of the evidentiary hearing held in this matter on June 23, 2021. The evidence in the record establishes that noises ("a commotion") were heard coming from inside the house when law enforcement approached, knocked, and loudly announced their presence. (Tr. 10-11, 30-31). Detective Walsh testified that the conspiracy of which Defendant is alleged to be a participant engaged in violence and was responsible for approximately fifteen to twenty shootings, some resulting in death (Tr. 22-23). In addition, the arrest of Streeter was part of a larger "round-up" in which law enforcement were attempting to locate and arrest multiple defendants indicted in the conspiracy involving Streeter (Tr. 14) and, additionally, the subjects were known to associate with each other (Tr. 13, 52) and frequent each other's homes (Tr. 26-27). Detective Walsh testified that although Defendant was handcuffed and seated on a couch shortly after law enforcement entered, the officers did not know if any other persons were present in the home, and other persons could have been hiding in the house and could have ambushed the officers. (Tr. 45-50, 51-52). Finally, defendant was belligerent and aggressive after he was taken into custody. (Tr. 12-13).

The Court finds that Detective Welsh testified to specific, articulable facts to support a reasonable belief that other persons could be occupying the defendant's home and could pose a danger to the law enforcement personnel present.

The Magistrate Judge found and concluded as follows:

> Det. Walsh did provide specific, articulable facts regarding the need for the broader protective sweep. The detective testified that there were other individuals that Streeter was known to associate with who could have been in the residence. Det. Walsh further explained that the protective sweep was conducted because of concerns that if someone was in the house, officers could be ambushed while taking the defendant into custody.
>
> Based on the evidence presented at the hearing, I find that there were articulable facts to justify the protective sweep here: (1) Streeter did not immediately answer the door and officers heard noises before forcing entry; (2) Streeter had known accomplices who were also being sought for arrest; (3) if others were hiding in the house, they would pose a threat to the safety of officers and the public. Therefore, a reasonably prudent officers could believe there were dangerous individuals in the house.

(ECF No. 817 at 6).   The Court is in full agreement with the Magistrate Judge's stated rationale for her recommendations, and will adopt the same following de novo review.   Defendant Streeter's objections are overruled.

    B.   <u>Motion for Disclosure of Brady/Giglio Information and for Early Production of Jencks Material</u>

Defendant Streeter filed objections to the Magistrate Judge's Report and Recommendation on December 2, 2021.   Defendant objects to the Magistrate Judge's recommendation that <u>Brady</u> and <u>Giglio</u> information be produced by the United States fourteen days prior to trial, and that his motion for early production of Jencks Act material be denied.

This Court previously ruled on motions for disclosure of <u>Brady</u> and <u>Giglio</u> information filed by some of Streeter's co-defendants.   <u>See</u> Mem. and Order of August 6, 2020 (ECF No. 438).  After carefully considering the law and the specific facts of this case, the Court stated in pertinent part:

3

The Court is cognizant of the significant amount of information relevant to this case and the need of both the numerous Defendants and the Government to prepare. Based on the record before it, the Court finds that disclosure of cooperating witnesses' identities and Brady and Giglio materials three days prior to trial would be insufficient to protect the constitutional rights of the Defendants. Further, such a procedure is likely to engender significant delays to allow defense counsel sufficient opportunity to effectively utilize the materials. This would not be the most efficient use of the Court's time, the jury's time, or in furtherance of judicial economy, particularly if the case will be tried under procedures and restrictions the Court has established to protect the health and safety of all participants during the COVID-19 pandemic.

Given the allegations of violence by Defendants and threats in this matter as described above, the Government will not be required to identify any informant or cooperating co-defendant until fourteen days before trial. This will give Defendants adequate opportunity to prepare, while considering the safety of the informants. See United States v. Rodrequez, 859 F.2d 1321, 1326 (8th Cir. 1988) ("We have held that any issue concerning the disclosure of an informant's identity before trial is eliminated when the person testifies at trial.") (citing United States v. Foster, 815 F.2d 1200, 1202-03 (8th Cir. 1987)); see also United States v. Abari, 2020 WL 1983732, at *4 (D. Minn. Apr. 27, 2020) (requiring Government to identify any informant or cooperating co-defendant fourteen days before trial, to give defendants adequate opportunity to prepare, while considering the safety of informants); United States v. Cree, 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012) (concluding that seven days' notice "appropriately balance[d] [defendant's] rights with the protection of the confidential informants") (citations omitted). The interval between disclosure and testimony at trial is relatively limited, and the Government will not be unduly burdened to extend protection to the disclosed witnesses if, in its discretion, it deems it necessary.

If the Government has particular concerns about the safety of the cooperating witnesses, or is aware that the Defendants may encounter difficulty in locating them, then it should make them available to Defendants to interview in lieu of providing their addresses. United States v. Padilla, 869 F.2d 372, 376-77 (8th Cir. 1989). Given the relevance and the importance of the cooperating witnesses' testimony to the trial, the Government must ask the cooperating witnesses whether they will voluntarily agree to being interviewed by defense counsel, even remotely by Zoom video teleconference or telephone, and for a limited period of time. If a cooperating witness will submit to an interview, he or she shall be made available for an interview under conditions agreeable by all parties, including the witness. If the Government determines that any cooperating witness objects to being interviewed by defense counsel before trial, it is not required to make that witness available and such an interview will not be ordered as witnesses have the right to decline to be interviewed. United States v. Bittner, 728 F.2d 1038, 1041-42 (8th Cir. 1984).

>     The Government shall also produce <u>Brady</u> and <u>Giglio</u> material and information fourteen days prior to trial.  As stated above, the Government's counsel states that it has no defense-favorable information regarding the cooperating witnesses.  If that remains the Government's position but it ultimately does not call a cooperator as a witness, it shall disclose the person's identity and location for service of a defense subpoena seven days prior to trial.

(ECF No. 438 at 10-11).

The Court finds that its prior ruling appropriately balances the relevant factors, and will give Defendant adequate opportunity to prepare for trial while considering the safety of government informants.  The Court readopts its prior ruling and overrules Defendant's objection to the Magistrate Judge's Report and Recommendation.

As to Jencks Act material, the Government is not required to disclose the statements of its witnesses prior to their testimony on direct examination at trial of the case.  <u>See</u> 18 U.S.C. § 3500(a) and Fed. R. Crim. P. 26.2(a) (prior statements of witnesses who testified must be disclosed, on motion, after their direct examination).  The Court is without authority to order disclosure of Jencks Act materials earlier than provided for in the Act, <u>see</u> 18 U.S.C. § 3500; <u>United States v. White</u>, 750 F.2d 726, 729 (8th Cir. 1984); Mem. and Order of Aug. 6, 2020 (ECF No. 438 at 5-6).  As a result, Defendant's objections are overruled.

Accordingly, after de novo review,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge dated October 18, 2021, is **sustained, adopted** and **incorporated** herein. [ECF No. 817]

**IT IS FURTHER ORDERED** that Defendant Jerry O. Streeter, Jr.'s Motion to Suppress Evidence and Statements [ECF No. 583] is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge dated November 17, 2021, is **sustained, adopted** and **incorporated** herein. [ECF No. 828]

**IT IS FURTHER ORDERED** that Defendant Jerry O. Streeter, Jr.'s Motion for Disclosure of Brady/Giglio Information and for Early Production of Jencks Material [ECF No. 584] is **DENIED**.

_____
**RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE**

Dated this 4th day of January, 2022.