UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. S2-4:19CR00211 RLW |
| JERRY O. STREETER, JR., a/k/a "JAY TRAYZ," Defendant. | ) ) ) ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Jerry O. Streeter, represented by defense counsel William Goldstein, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's waiver of indictment and voluntary plea of guilty to a Superseding Information, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Information.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiations and led, in part, to the guilty plea. The parties further agree to jointly recommend a total, aggregate sentence of nine years (108 months imprisonment).

### 3. ELEMENTS:

As to Count **One**, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(o) – conspiracy to commit an offense under 18 USC §924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

1. Beginning at a time unknown but including January, 2016 two or more people reached an agreement to commit the crime of possession of a firearm in furtherance of a drug trafficking crime;

2. The defendant voluntarily and intentionally joined in the agreement;

3. At the time the defendant joined in the agreement or understanding, the defendant knew the purpose of the agreement; and

4. In the course thereof, a firearm was discharged, causing serious physical injury.

As to Count **Two,** the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(1) The Defendant was in possession of marihuana;

(2) The Defendant knew that he was in possession of marihuana, a Schedule I controlled substance drug; and

(3) The Defendant intended to distribute some or all of the marijuana to another person.

As to **Count Three**, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(1) Defendant committed the offense of possession with intent to distribute marijuana as alleged in Count Two of the superseding information; and

(2) Defendant knowingly possessed a firearm in furtherance of the drug trafficking crime in Count Two.

### 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Maurice Lee controlled a drug trafficking organization (DTO) which operated within the Eastern District of Missouri from on or about 2016 to the date of the superseding information. Lee's DTO was responsible for distributing fentanyl and crystal methamphetamine. Lee's DTO used intimidation and violence to control their drug trafficking activities. Lee maintained a "bounty" or payment of money to members of his DTO who attempted to cause or in fact caused the death of any rival drug gang members, who were referred to as "Goofies." Defendant Streeter was associated with Lee's DTO and conspired with Lee and others to possess firearms in furtherance of their drug trafficking activities.

On November 29, 2017 Streeter, Mikell Rayford, Christopher Warlick and others were at the residence of an unindicted co-conspirator. While there, they received a phone call that a Goofy had been spotted outside a market in Moline Acres, on Monarch Drive, in the Eastern

3

District of Missouri. After confirming that Lee was still offering money for the death of any Goofy, Rayford, Warlick and Streeter got in a vehicle and drove to the market on Monarch Drive. Streeter and Rayford were armed with semi-automatic assault rifles. Warlick was armed with a Glock pistol. Warlick drove to the market and pulled his Chrysler 300 into a parking spot next to a van. As Warlick rolled down the windows, Streeter and Rayford began to fire their weapons at one of the victims, who was outside of the van. Streeter, Warlick and Rayford fired multiple rounds into the van. Rayford's window was not let down fast enough and he ended up shooting out the window of the vehicle he occupied as he shot at the victims.

Three victims were struck with gunfire and suffered serious gunshot wounds – one victim was shot through his eye/ jaw and right shoulder; one victim was shot in his shoulder, arm, and ankle and suffered bone fractures; one victim was shot in his knee, shoulder and had a grazing wound to his temple. All of the victims survived and were treated at an area hospital. After the shooting, Warlick drove Streeter and Rayford back to the residence of the unindicted co-conspirator where they disposed of their weapons and ultimately got rid of the vehicle they had used in the shooting. Streeter admits that he conspired to possess a semi-automatic rifle in furtherance of a drug trafficking crime.

On March 19, 2019 federal agents arrested Defendant Streeter at his home on Farmview in St. Louis. As agents made entry into the home, Streeter attempted to flush approximately one (1) pound of marihuana down the toilet. Streeter was also in possession of a Zastava Arms assault-style weapon. Streeter admitted to agents that he sold marihuana and possessed the weapon for personal protection. The marihuana was dried out, tested at the crime lab and confirmed to be 309 grams. Marihuana is a Schedule I controlled substance drug. Testimony at

4

trial would establish that 309 grams is a distributable amount of drugs. By his plea of guilty, Streeter admits that he possessed the marihuana with the intent to distribute some or all of it to another person and that he possessed a firearm on March 19, 2019 in furtherance of his drug trafficking activities.

### 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is:

**Count 1:** imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

**Count 2:** imprisonment of not more than 20 years, a fine of not more than $1 million dollars or such imprisonment and fine. The Court may also impose a period of supervised release of not less than 3 years.

**Count 3:** imprisonment of not less than 5 years up to life, a fine of not more than $250,000 or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years. The sentence shall run consecutively to any other sentence imposed.

### 6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that he following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

5

### a. Chapter 2 Offense Conduct:

### Count One

**(1) Base Offense Level:** The parties agree that the base offense for a violation of 18 U.S.C. § 924(o) is found in USSG §2K2.1. As the defendant used or possessed any firearm or ammunition cited in the offense of conviction with the commission or attempted commission of another offense (a drug trafficking crime), the cross reference at §2K2.1(c)(1)(B) applies. Therefore, USSG §2A2.2 is used and the base offense level is **14.**

**(2) Specific Offense Characteristics:** **Five** levels are added as a firearm was discharged, pursuant to Section 2A2.2(b)(2)(A). **Seven** levels are added as a victim sustained permanent or life-threatening bodily injury, pursuant to Section 2A2.2(b)(3)(C), however because the cumulative adjustments from application of subdivisions (2) and (3) shall not exceed **10** levels, the base offense is increased by **10**, pursuant to Section 2A2.2(b)(3). **Two** additional levels are added as the assault was motivated by a payment or offer of money, pursuant to Section 2A2.2(b)(5).

### Count Two

**(1) Base Offense Level:** The parties agree that the base offense level is found in Section 2D1.1(c) and is a level 6 as Defendant possessed less than 1 kilogram of marihuana.

**(2) Specific Offense Characteristics:** None

### Count Three

**(1) Base Offense Level:** The parties agree that the base offense level is found in Section 2K2.4(b) and the guideline sentence is the minimum term of imprisonment required by statute.

**(2) Specific Offense Characteristics:** None

**b. Chapter 3 and 4 Adjustments:** The parties recommend that three levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. **This adjustment only applies to Counts One and Two.**

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**c. Estimated Total Offense Level:** As to Count One, the parties estimate the total offense level will be 25. As to Count Two, the parties estimate the total offense level will be 6. As to Count Three, the parties estimate that the total offense level will be governed by the statutory minimum sentence provided by law.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any

7

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

### 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range or to the jointly recommended sentence of nine years (108 months imprisonment), then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range or to the jointly recommended sentence of nine years (108 months imprisonment).

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28,

8

United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States

Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

9/28/2022
Date

PAUL J. D'AGROSA (#36966MO)
Assistant United States Attorney

09-22-22
Date

JERRY O. STREETER, JR.
Defendant

9/22/22
Date

WILLIAM GOLDSTEIN
Attorney for Defendant

13